IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                                                     No. 1:22-cv-242 DHU/KRS

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

      Defendant.

## ORDER GRANTING MOTION FOR EXTENSION

THIS MATTER is before the Court on Plaintiff's Motion for Extension of Time to Respond to Discovery, (Doc. 50), filed January 30, 2023. Defendant filed a response to the motion on January 31, 2023, and Plaintiff filed its reply on February 1, 2023. (Docs. 53, 55). Having considered the parties' briefing and the record of the case, the Court grants the Motion for Extension of Time to Respond to Discovery.

Plaintiff asks for an extension of thirty days to respond to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents. (Doc. 50) at 1. Plaintiff states this case is in the early stages of discovery, the discovery requested is broad and seeks information and documents from five agencies, and Plaintiff has had several briefs due in this matter since Defendant served its discovery requests. *Id.* at 2. Plaintiff further states it has identified more than a half million pages of documents it intends to produce in response to the requests and the documents contain personal identifiable information, so the parties need to enter into a confidentiality agreement prior to production. *Id.* at 2-3. Finally, Plaintiff states there are three vacancies in the civil division of the United States Attorney's Office for the District of New Mexico and Plaintiff has agreed to each of Defendant's requests for extensions of time. *Id.* at 3.

In response, Defendant states that it has already granted Plaintiff a thirty-day extension to respond to its discovery requests which corresponded to the parties' agreement to a thirty-day extension of the proposed discovery deadline in the Joint Status Report prepared for the Rule 16 scheduling conference. (Doc. 53) at 1-2. Defendant states that it does not oppose an additional thirty-day extension for Plaintiff to respond to Defendant's requests for production of documents, as long as Plaintiff agrees to an extension of the discovery and dispositive motion deadlines. *Id.* at 2. Defendant explains that "[g]iven the large number of documents Plaintiff now intends to produce, Travelers has serious concerns that it will not have sufficient time to analyze the Plaintiff's document production and depose the relevant parties." *Id.* at 3. Defendant does not agree to an extension for Plaintiff's interrogatory responses, stating that Plaintiff "has provided no justification for another thirty-day extension, and thus that request should be denied." *Id.* at 5.

In its reply, Plaintiff explains that it "initially believed that discovery in this matter would be straightforward." (Doc. 55) at 2. However, "the United States itself was not the insured under the policy and most of the documents and information sought by Travelers are not the United States' original documents," and Plaintiff "did not foresee the amazing breadth of Travelers' discovery requests." *Id.* Moreover, Plaintiff "does not have a local review platform that can host the number of documents" it anticipates producing, and in an effort to meet the production deadline it sent the documents to a technology support center and had a litigation support technologist spend 100% of her time and overtime processing the documents for production. *Id.* at 2-3. Despite these efforts, Plaintiff needs an additional thirty days. Plaintiff further states that the parties have not been able to agree to a confidentiality order that covers private and confidential information, and Plaintiff may need to file a separate motion on that

matter. *Id.* at 3-4.  In response to Defendant's request to extend the discovery and dispositive motion deadline, Plaintiff states that because the parties have almost nine months before the close of discovery, "[i]t seems premature to ask for an extension of the discovery deadline," but Plaintiff "will continue to extend professional courtesies, such as reasonable extensions of time, to Travelers' counsel and hopes that Travelers will decide to do the same." *Id.* at 5.  Plaintiff also explains that it needs an extension of the deadline for both interrogatory responses and production of documents because "the United States is working on the responses to interrogatories and the requests for production simultaneously" and the civil division does not have the resources to assign additional personnel to this case. *Id.* at 4.

A scheduling conference was held by the previously-assigned Magistrate Judge in this case on December 12, 2022, and a Scheduling Order was entered setting a deadline of September 29, 2023 for discovery on coverage issues, and a deadline of October 27, 2023 for motions relating to coverage discovery.  (Doc. 39) at 2.  After resolution of the parties' anticipated motions for summary judgment, the case will proceed on the extra-contractual claims, if necessary. *Id.* at 2-3.  Therefore, no trial has been set and this case is in its early stages.  Moreover, Plaintiff has provided a clear and detailed justification for an extension of time to respond to Defendant's discovery requests, such as the large number of responsive documents and the process needed to review and produce the information.  The Court is satisfied that Plaintiff has provided good cause for a thirty-day extension of its deadline to respond to Defendant's interrogatories and requests for production and will grant Plaintiff's Motion.  As to Defendant's request that the deadlines set in the scheduling order also be extended, that issue is not properly before the Court as it was raised in a response brief instead of a motion.  If

Defendant would like to extend those deadlines, it needs to file a motion for the Court's consideration.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to Respond to Discovery, (Doc. 50), is GRANTED, and Plaintiff's deadline to respond to Defendant's discovery requests is extended to March 7, 2023.  The Court encourages the parties to work together on a mutually-agreeable confidentiality order to expedite Plaintiff's document production.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE