IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                No. 22-cv-00242 DHU/JHR

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT TRAVELERS MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT**

This matter comes before the Court on Defendant Travelers Casualty and Surety Company of America's Motion to Deposit Funds into the Registry of the Court ("Motion to Deposit Funds") filed on October 26, 2022. [Doc. 26]. Plaintiff United States of America responded [Doc. 36], and Travelers replied [Doc. 41]. For the reasons set forth below, the Court GRANTS Travelers' Motion to Deposit Funds.

This case concerns a complicated set of facts involving a years-long embezzlement scheme through a sham special needs nonprofit, Ayudando entities, which resulted in criminal convictions and this lawsuit. *See* [Doc. 26, p. 1]. The Court will not detail the entire factual history but only the facts relevant to this motion. Ayudando obtained a Wrap + Crime insurance policy from Travelers in order to serve as a representative payee for Social Security benefits. [Doc. 31, p. 3]. The United States, standing in the shoes of Ayudando, now seeks coverage for the loss of client funds under that policy. *Id.* at 1, 3. The United States asserts that Travelers breached the Wrap + Crime policy when it denied coverage and allegedly damaged Ayudando. *Id.* at 3. Travelers cites several reasons to dispute coverage. *Id.* at 5, 6. Travelers filed a counterclaim for recission of all

policies it issued to Ayudando and attempted to return the premiums for those policies as a required predicate for rescission. *Id.* at 6. Travelers claims that it is entitled to rescind the policies and return the premiums because it would not have issued policies to Ayudando had it known of the criminal activity. *Id*.

The parties dispute the sequence of events relating to Travelers' recission. Travelers alleges that it rescinded the policies and refunded the premiums to the United States when it learned of Ayudando's fraud, but that the United States refused to accept the recission and the premium check. [Doc. 26, p. 2]. The United States alleges that Travelers failed to immediately rescind the policies and waited to disclaim coverage until months after the Ayudando defendants pled guilty. [Doc. 36, p. 1, 2]. The United States says it refused to accept Travelers' premium check because Travelers initially affirmed the policy, denied coverage, and "did not offer, until July 8, 2022, to return the policy premiums." *Id.* at 2. The parties agree that the United States refused tender of the premiums which Travelers now wishes to deposit in the Court registry. *Id.*; [Doc. 26, p. 2].

## LEGAL STANDARD

Rule 67 gives a court discretion to decide whether to allow a disputed sum to remain in the court's registry during the pendency of a case:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave or court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67; *see Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989) ("The language of Rule 67 leaves to the discretion of the district court the decision as to whether to permit the deposit of funds in the court"). Rule 67 is a procedural device for safekeeping disputed funds and does not affect the parties' contractual relationships or legal duties. *Tegtmeier v. PJ Iowa, L.C.,* 189 F. Supp. 3d 811, 825 (S.D. Iowa 2016); *Murray v. Burt*, No. CV 09-1150 WJ/RHS, 2010 WL 11552919, at

*2 (D.N.M. May 12, 2010), *report and recommendation adopted*, No. 09-CV-1150-WJ/RHS, 2010 WL 11552920 (D.N.M. July 1, 2010). Its "core purpose" is "to relieve a party who holds a contested fund from responsibility for disbursement of that fund." *Tegtmeier*, 189 F. Supp. 3d at 825.

## ANALYSIS

Travelers requests to deposit the insurance premiums Ayudando paid in order to argue recission of Aydando's insurance policies. [Doc. 26, pp. 3, 4]. The recission counterclaim seeks "the Court's determination that the policies have been properly rescinded, they are void *ab initio*, and Travelers has no further obligation to Ayudando under them." *Id.* at 3. Travelers cites New Mexico law requiring the return of contract consideration in order to rescind a contract. *Id.* Here, Travelers and Ayudando contracted for insurance policies and Ayudando paid Travelers premiums in consideration for coverage. *See id.* Because the United States seized and now controls the assets of Ayudando, Travelers refunded the premiums to the United States, who rejected them. *Id.* Travelers thus maintains that a "genuine dispute" exists over the premiums and seeks their "proper disposition" in the counterclaim *Id.* at 3, 4.

The United States challenges Travelers' argument on two grounds. First, the United States asserts that the premiums are not subject to competing claims and therefore not proper funds for deposit under Rule 67. [Doc. 36, p. 2]. The United States cites several persuasive cases in support. *Id.* at 3. Second, the United States contends that Travelers cannot rescind the insurance policies now because it previously "chose to affirm the policy, deny coverage pursuant to its terms, and keep the premiums." *Id.* at 3. The United States refers the Court to its Motion to Dismiss/Summary Judgment and Reply in support. *Id.*

The Court finds Travelers' position persuasive. The premiums Travelers tried to refund to the United States are in dispute because, as it presently stands, they remain in limbo as neither party accepts them. Legal dictionaries define the term "dispute" as "[t]he assertion of conflicting claims or rights between parties involved in a legal proceeding," an "assertion of opposing views or claims," and "a disagreement as to rights."[1] Here, Travelers and the United States assert disagree about who has rights to those funds. By definition, the premiums fulfill the disputed funds requirement. The Court has reviewed the United States' cited cases as well as its Motion to Dismiss/Summary Judgment, finds them distinguishable, and remains unpersuaded. There are issues of fact and law that require court resolution in order to determine whether Travelers properly rescinded the contract, rendering the United States entitled to the funds as is stands in the shoes of Ayudando, or whether Travelers' prior conduct prohibits later rescission and leaves Travelers "holding the bag" of premium funds.  The United States' allegation that Travelers cannot lawfully rescind the policy because of its earlier affirmance is a matter of genuine disputes and establishes rather than undercuts to ability to deposit the premium funds in the Court's registry.

The plain language of Rule 67 welcomes the exercise of broad discretion to allow deposit in the court registry so long as the requested relief includes "a money judgment or the disposition of a sum of money or some other deliverable thing." *See* Fed. R. Civ. P. 67. It does not require the party requesting deposit to claim entitlement to the money.  Travelers' request aligns with these parameters insofar as Travelers wants to deposit the premiums which it and the United States now disclaim. Travelers complied with the notice requirements of Rule 67 through filing and serving its Motion to Deposit on the United States. Therefore, the Court will grant Travelers' Motion to Deposit.

---

[1] https://www.nolo.com/dictionary/dispute-term.html; https://dictionary.findlaw.com/definition/dispute.html.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant Travelers Casualty and Surety Company of America's Motion to Deposit Funds into the Registry of the Court [Doc. 26].

**IT IS THEREFORE ORDERED** that pursuant to Federal Rule of Civil Procedure 67 and Local District Rule 67.1 the Clerk of Court shall accept a check in the amount of the disputed premium payments, plus applicable interest, to be deposited into the Court Registry **within thirty (30) days of entry of this Order**, and to be disbursed upon further Order of the Court.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE