IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  No. 22-cv-00242 DHU/JHR

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART THE UNITED STATES' MOTION TO COMPEL DISCOVERY AND FOR EXTENSION OF TIME

Pending before the Court is Plaintiff United States' Motion to Compel Travelers to Fully Respond to Certain Interrogatories and Request[s] for Production and For an Extension of Time to Compel Responses to Other Interrogatories and Requests for Production from Defendant Travelers Casualty & Surety Company of America. [Doc. 44]. Travelers filed a response in opposition [Doc. 49], and the United States replied [Doc. 51].

Having considered the parties' submissions and the relevant law, the Motion is denied regarding compelling discovery responses and granted regarding the extension of time.

### BACKGROUND

Ayudando entities served as court-appointed guardians and representative payees for Social Security recipients. [Doc. 44, at p. 4]. After its employees were convicted for embezzling client funds, the United States seized Ayudando's assets. *Id.* Ayudando had a Wrap + Crime insurance policy from Travelers, and the United States demanded Travelers cover Ayudando's client fund loss resulting from the criminal proceedings. *Id.* at 5. Travelers denied coverage and

the United States sued. *Id.* The United States asserts claims against Travelers under breach of contract, bad faith, and the New Mexico Unfair Practices and Insurance Practices Acts. *Id.*

The United States sent Travelers initial discovery requests on October 20, 2022, and Travelers responded on December 5, 2022. [Doc. 44-2, p. 1]. Travelers' Senior Claims Counsel Jill A. James verified the interrogatories. *Id.* at 7. The parties conferred on December 22, 2022, and resolved the majority of discovery disputes. [Doc. 44, p. 1, 2]. The United States initially moved to compel Travelers to respond to four discovery requests: interrogatory numbers one and three and request for production numbers nine and thirteen. *Id.* at 10. Travelers agreed to supplement its responses[1] to these discovery requests except for its response to interrogatory number one. [Doc. 49, p. 3, 5-6].

The United States' interrogatory number one states:

> *Identify* the *person* responding to these Interrogatories on behalf of the *Defendant*, and *identify* each *person* who prepared, consulted, or assisted in the preparation of answers to these Interrogatories.

[Doc. 44-2, p. 1].

Travelers objected:

> To the extent Interrogatory No. 1 requests Travelers to identity lawyers or other persons with Travelers' law firm, Clark Hill PLC, who "prepared, consulted, or assisted in the preparation of the answers to these interrogatories," Travelers objects to this Interrogatory on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege or work product doctrine, or information that was prepared in anticipation of litigation or trail, and it seeks information that is neither relevant to the claims or defenses or any party nor proportional to the needs of the case, and that is overly broad.

*Id.*

Subject to that objection, Travelers responded:

---

[1] Regarding interrogatory number three, Travelers agrees to supplement its answer since "Plaintiff has now clarified in its motion that it seeks information only about the 'initial' notice provided to Travelers." [Doc. 49, p. 5]. Regarding request for production numbers nine and thirteen, Travelers "will withdraw its confidentiality and propriety information objections and produce documents responsive to [these requests for production] without a confidentiality designation." *Id.* at 6.

2

>Jill A. James ("Ms. James") and Theresa Gooley ("Ms. Gooley") are the representatives of Travelers who responded to these interrogatories, and who prepared, consulted, or assisted in the preparation of the answers to the interrogatories.

*Id.*

The United States argues that Travelers has failed to show that any discovery privilege applies to protect the identities of Travelers' litigation counsel (the Clark Hill attorneys). [Doc. 44, p. 6, 7]. The United States believes that the work product doctrine does not apply in this circumstance to "protect against disclosure of facts." *Id.* It thus asserts that no privilege applies to "protect[] the identity of the person that assisted in providing responses to interrogatories." *Id.* The United States further alleges that Travelers failed to include the Clark Hill attorneys names in its privilege log. *Id.* at 7.

Travelers defends that it complied by responsively "identif[ying] its employees who responded, prepared, consulted, or assisted in preparing its answers to the Interrogatories—Jill James and Theresa Gooley." [Doc. 49, p. 3]. Travelers primarily objects to producing the names of the Clark Hill attorneys who helped answer interrogatories based on the work product doctrine and relevancy. *Id.* Regarding work product, Travelers states that "the strategy of such lawyers in determining who to consult about interrogatory responses and who should participate in responding to them is core work product of the highest nature." *Id.* Travelers cites several supporting cases. *Id.* at 3, 4. Regarding relevancy, Travelers maintains that the attorney names are irrelevant to any claim or defense nor proportional to the needs of the case. *Id.* at 3. Travelers contends that the United States failed to cite supporting authority. *Id.*

The United States replies that Travelers has still failed to meet its burden of showing that privilege protects the Clark Hill attorney names. [Doc. 51]. It urges that Travelers' initial discovery responses failed to object on relevancy grounds and therefore waived that objection. *Id.* at 1. The United States also decries Travelers' failure to "explain how the identity of the attorneys that

3

prepared the responses to interrogatories reveals work product." *Id.* at 3. Finally, the United States disputes the pertinence of Travelers' case law, namely that it concerns "disclosing the identities of those individuals the attorneys interviewed" instead of attorney identities themselves. *Id.* at 3.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Discovery is "designed to help define and clarify issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal citation omitted). A court must limit discovery if it determines that the proposed discovery exceeds the parameters of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii). A court is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *Zuniga v. Bernalillo Cnty.*, No. CIV. 11-877 RHS-ACT, 2013 WL 3328692, at *3 (D.N.M. Mar. 21, 2013) (citing *McGee v. Hayes,* 43 Fed. Appx. 214, 217 (10th Cir. 2002)). Discovery is thus "not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Id.* (citing *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir. 1995)). Rule 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A responding party may object with specificity to an interrogatory. Fed. R. Civ. P. 33(b)(4).

# ANALYSIS

Travelers persuades the Court that the identities of Clark Hill attorneys assisting with interrogatory responses are not discoverable. The Court agrees that the work product doctrine appears to protect the attorney names from discovery and views the attorney names as not readily relevant to any claim or defense. The Court will, however, grant the unopposed time extension.

**A. The Court will not overrule Travelers' objections to interrogatory number one and will not compel Travelers to produce the names of the Clark Hill attorneys.**

The *Bose v. Rhodes College* case provides guidance. [Doc. 49, p. 3] (citing *Bose v. Rhodes College*, 15-cv-02308-JTF-tmp, 2017 WL 7779258, at *1 (W.D. Tenn. Oct. 6, 2017)). In that case, the plaintiff's first interrogatory requested "the name . . . of each individual who provided information to respond to these Interrogatories and/or who assisted in the preparation of your responses." *Bose*, 2017 WL 7779258, at *4. The defendant invoked the work product privilege and the plaintiff claimed the names were non-privileged material facts. *Id.* The court deemed the interrogatory as "tantamount to a request for a list of individuals whom [the defendant] interviewed" and found that the work product[2] doctrine applied because "'tangible and intangible' evidence of how an attorney 'sift[s] what he considers to be relevant from irrelevant facts' fell into the privileged category of work product." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 507-511 (1947)) (emphasizing that a lawyer needs "a certain degree of privacy, free from unnecessary intrusion" by opposing counsel). Nor had the plaintiff shown waiver of privilege or "demonstrated significant need and undue hardship" warranting disclosure. *Id.*

---

[2] The court explained the difference between opinion and fact work product. *Bose*, 2017 WL 7779258, at *9. Opinion work product consists of "an attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *Id.* Fact work product consists of "all other work product." *Id.* Regardless of type, the work-product doctrine does not protect the underlying facts from disclosures. *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981)).

Travelers cites several other cases extending the work product doctrine to the identities of those who helped answer interrogatories. [Doc. 49, p. 3-5]. For example, one case allowed the plaintiff to "ask for the names of persons with knowledge of the facts" relating to claims or defenses but protected defendants from revealing how they "choose to prepare their case, the efforts they undertake." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd., et al.*, 270 F. Supp. 3d 220, 225 (D.D.C. 2017). This Court agrees. By insisting on disclosure of attorney names, the United States seeks information beyond the identities of individuals with knowledge of the underlying claims. *See id.* Travelers provided responsive names by disclosing Jill James and Theresa Gooley. [Doc. 44-2, p. 1]. Thus, the United States' request for the Clark Hill attorney names is an unnecessary intrusion to discover Travelers' efforts in preparing its case. *See All Assets*, 270 F. Supp. 3d at 225; *Bose*, 2017 WL 7779258, at *4.

Further, the United States' position is untenable under relevancy. Rule 26 limits discovery to nonprivileged matter that is relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). If a discovery request appears relevant on its face, the burden is on the party resisting discovery to establish that the request is relevant. *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 382–83 (D. Kan. 2005). Conversely, if a request's relevancy is not readily apparent on its face, the burden is on the party seeking the discovery to show relevancy. *Id.*

The relevance of the request for the Clark Hill attorney identities is not readily apparent on its face. *See id.* Therefore, it is the United States' burden to show relevancy. *See id.* The United States has not met this burden. It fails to direct the Court to any relevant facts which the Clark Hill attorneys potentially possess and which the United States could not obtain from the representatives Travelers identified (one of whom verified the interrogatories). *See* [Doc. 44-2, p. 7]. Instead, the United States shifts the burden to argue that Travelers has failed to show privilege. [Doc. 51, p. 2].

Further lacking is any apparent link between the Clark Hill attorney identities and the United States' breach of contract, bad faith, and unfair practices claims. Interrogatories are meant to "enable a party to prepare for trial, [and] to narrow the issues and thus help determine what evidence will be needed at the trial." Fed. R. Civ. P. 33(a)(2); *Becker v. TIG Ins. Co.*, 3:21-cv-05185-JHC, 2022 WL 13925733, at *1 (W.D. Wash. Oct. 24, 2022). The United States has not advanced how attorney names will assist its preparation for a breach of contract and bad faith trial, narrow the issues under those claims, nor help determine evidentiary support for them. *See* [Doc. 1]. In the absence of any plausible argument or authority[3] showing that the attorney names are discoverable, the Court declines to compel Travelers to disclose them. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Zuniga*, 2013 WL 3328692, at *3.

**B. Travelers must supplement its answers in thirty days if applicable and the Court grants the unopposed request for extension.**

In its conclusion, the United States requests that the Court overrule Travelers' objections to interrogatory numbers one and three and request for production numbers nine and thirteen and order "complete responses by a date certain." [Doc. 51, p. 4]. Travelers agreed to supplement its answer to interrogatory number three and withdraw its confidentiality and proprietary information objections and produce responsive documents to request for production numbers nine and thirteen. [Doc. 49, p. 5, 6]. Given that Travelers agreed to remedy its responses, the Court sees no dispute to rule on regarding those requests. If Travelers has not already produced the pertinent answers and/or documents, it must do so within thirty days of entry of this Order.

---

[3] The United States focuses on the distinction between privilege covering the individuals the attorneys interviewed to prepare discovery responses and privilege covering the attorneys themselves. [Doc. 51, p. 2,]. Notwithstanding, this position still fails to address the core questions relevancy question.

Finally, Travelers does not oppose the United States' request that the Court allow the United States to wait until after coverage is decided to file a motion to compel concerning interrogatory number six and requests for production numbers eleven, fourteen, seventeen, and eighteen. [Doc. 51, p. 4]. The Court will grant this unopposed request.

## CONCLUSION

For the above reasons, the Court **denies** the United States' request to compel Travelers to provide the identities of its Clark Hill litigation attorneys in response to interrogatory number one (1) because Travelers properly objected to that aspect of the interrogatory. The Court also **denies** the United States' requests regarding interrogatory number three (3) and requests for production numbers nine (9) and thirteen (13) because Travelers agreed to supplement those responses accordingly. If Travelers has not already supplemented its responses, it must do so **within thirty (30) days of entry of this Order.** The Court **grants** the United States' unopposed request to extend time to file a motion to compel regarding interrogatory number six (6) and requests for production numbers eleven (11), fourteen (14), seventeen (17), and eighteen (18) until after a coverage decision.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the United States' Motion to Compel and for Extension of Time. [Doc. 44] is hereby **DENIED** in part and **GRANTED** in part.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE